**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILYN WAGNER, *on behalf of Minor Child B.D.*, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEWARK, *et al.*, <br><br> Defendants. | Civil Action No. 23-731 (SDW) (MAH) <br><br> **OPINION** <br><br> January 28, 2026 |

**WIGENTON**, District Judge.

Before this Court are Defendants the City of Newark (the "City") and Police Chief Darnell Henry's ("Henry") (collectively, "Defendants") Motions to Dismiss (D.E. 92 & 93 ("Motions")) Plaintiff Marilyn Wagner's ("Plaintiff") Second Amended Complaint ("SAC") (D.E. 88) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated herein, the Motions are **GRANTED.**

**I.     FACTUAL BACKGROUND**

On New Year's Eve in 2020, Detectives Rod Simpkins, Carlos Alvarado, and Ricardo Reillo—all members of the Newark Police Department's Criminal Intelligence Unit ("CIU")—were working a twelve-hour shift, which began at 7:00 p.m., and conducting surveillance in Newark's "high crime areas." (SAC ¶¶ 33–36.) At around midnight on January 1, 2021, the

1

officers, who were undercover, were traveling eastbound toward South Eleventh Street in an unmarked Chevrolet Trailblazer when Detective Alvarado heard "what he believed to be the sound of three gunshots." (*Id.* ¶¶ 37, 42.) Detective Alvarado, who was driving the Trailblazer, turned northbound on South Eleventh Street, proceeded at a high rate of speed, and stopped mid-block across from 695 South Eleventh Street. (*Id.* ¶¶ 38, 47–48.) The vehicle's emergency lights were never turned on. (*Id.* ¶ 49.)

Upon stopping, Detective Simpkins—who was in the rear passenger seat of the car—exited the vehicle with his handgun drawn. (*Id.* ¶¶ 38, 50.) Detective Simpkins was running towards the front of the Trailblazer when he bumped into Carl Dorsey, who was crossing the street. (*Id.* ¶ 54.) Mr. Dorsey's hands were empty and visible at his sides. (*Id.* ¶ 53.) "Upon bumping into Dorsey, Simpkins spun around, aimed his gun at Dorsey's chest, and shot him." (*Id.* ¶ 55.) Approximately three seconds elapsed from the time Detective Simpkins exited the vehicle to the time he shot Mr. Dorsey, which was captured on a nearby residence's video footage of the incident, reflecting the time of 12:05 a.m. (*Id.* ¶¶ 56, 62.)

In the minutes following his shooting, Mr. Dorsey laid on the sidewalk bleeding and groaning, while Detective Simpkins and the other law enforcement officers present repeatedly searched Dorsey's person, as well as the surrounding area, but did not provide medical care. (*Id.* ¶¶ 67–69.) Mr. Dorsey was ultimately transported to University Hospital in Newark, where he was pronounced dead at approximately 1:37 a.m. (*Id.* ¶¶ 32, 87.) His immediate cause of death was a "[g]unshot wound of [sic] torso." (*Id.* ¶ 87.) Mr. Dorsey's autopsy report indicated the shot to his torso "punctured his liver, lungs, and pancreas[,] while his heart and brain stem remained intact." (*Id.* ¶ 77.)

Plaintiff's theory of the case is that the officers acted unreasonably by responding in the manner that they did, given that they had seen and heard fireworks during their shift. (*Id.* ¶¶ 40–41.)

## II. PROCEDURAL HISTORY

Plaintiff, the co-administratix *ad prosequendum* of Mr. Dorsey's estate, initiated this lawsuit in the Superior Court of New Jersey, Essex County against the City, the Newark Police Department ("NPD"), Henry, and Detective Simpkins on August 31, 2022. (D.E. 1-1 at 1, 13; D.E. 88-1.) The City removed the case to this Court on February 8, 2023. (D.E. 1.) Plaintiff's initial Complaint asserted the following claims: excessive force and *Monell*[1] liability, in violation of 42 U.S.C. § 1983, violations of the New Jersey Constitution and the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2, and common law tort claims. (D.E. 1-1.)

### A. First Motion to Dismiss

All Defendants moved to dismiss Plaintiff's Complaint, (D.E. 37–39), and this Court granted those motions in its May 24, 2024 Opinion and Order.[2] *Wagner v. City of Newark* (*Wagner I*), No. 23-731, 2024 WL 2698588, at *1 (D.N.J. May 24, 2024). This Court found that Plaintiff's Complaint failed to sufficiently plead standing for her wrongful death claim as required by the New Jersey Survivor's Act ("Survivor's Act"), N.J. Stat. Ann. § 2A:15-3. *Id.* at *3–4. Similarly, this Court dismissed Plaintiff's common law tort claims for not pleading compliance with the New Jersey Tort Claims Act's ("TCA") notice requirement. *Id.* at *4.

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

[2] Defendants initially moved to dismiss Plaintiff's Complaint in May 2023, but those motions were terminated pending the adjudication of Plaintiff's application for administratrix *ad prosequendum*. *Wagner v. City of Newark*, No. 23-731, 2024 WL 2698588, at *1 n.4 (D.N.J. May 24, 2024).

Plaintiff's gross negligence claim was also dismissed without prejudice, given that the Complaint failed to identify what constituted gross negligence and to identify each Defendant's role in the alleged wrong. *Id.* at *4. This Court rejected Defendants Simpkins and Henry's arguments that they were entitled to qualified immunity, as well as their claims that they were entitled to good faith immunity and the application of the sudden emergency doctrine. *Id.* at *5–8. Notwithstanding, Plaintiff's claims for relief under the New Jersey Constitution were also dismissed. *Id.* at *10–11.

Lastly, this Court granted Defendants' motions on Plaintiff's *respondeat superior* liability and *Monell* claims. *Id.* at *10, 12. As to the latter, the Complaint failed to identify a final policymaker, lacked factual allegations supporting a plausible inference that a municipal policy could be affirmatively linked to Simpkins' use of force on Mr. Dorsey, and did not adequately allege how the City's training or supervision was deficient. *Id.* at *9–10. Additionally, this Court reasoned that Plaintiff's reliance on the 2016 Consent Decree between the City and the Justice Department was misplaced, given the lack of temporal proximity between the conduct at issue in this case and the Consent Decree, and distinguished *Estate of Roman v. City of Newark*, 914 F.3d 789 (3d Cir. 2019). *Id.* at *8–10. As to the former, this Court concluded Plaintiff could not "attach *respondeat superior* liability to the City and Henry for her federal and state constitutional claims." *Id.* at *12.

Plaintiff was given thirty days to file an amended complaint and did so on June 27, 2024. (D.E. 59 ("First Amended Compl." or "FAC").) Plaintiff alleged unconstitutional search and seizure, failure to administer medical aid, municipal liability, and failure to train and/or supervise pursuant to § 1983; excessive use of force in violation of § 1983 and the NJCRA; violation of Mr. Dorsey's due process rights under the New Jersey Constitution; common law tort claims; and

wrongful death under the New Jersey Wrongful Death Act ("WDA"), N.J. Stat. Ann. § 2A:31-1. (FAC at 23–43.)

### B. Second Motion to Dismiss

Subsequently, the City and Defendant Henry moved to dismiss the FAC. (D.E. 63 & 64.) In its opinion dated February 27, 2025, this Court granted moving Defendants' motions in their totality but permitted Plaintiff "to file one last amended complaint," noting that "no further opportunities" would be given. *Wagner on behalf of B.D. v. City of Newark* (*Wagner II*), No. 23-731, 2025 WL 635301, at *8 (D.N.J. Feb. 27, 2025). Plaintiff's claims pursuant to the WDA and the Survivor's Act were dismissed based on Plaintiff's failure to demonstrate she had been rightfully appointed as the administrator *ad prosequendum* of Dorsey's estate. *Id.* at *3.

Plaintiff's § 1983 claims were similarly dismissed. As to her *Monell* claim, this Court reiterated that Plaintiff could not continue to rely on the 2016 Consent Decree and determined the FAC contained conclusory allegations and thus failed to establish an unconstitutional custom or that Henry had final policymaking authority. *Id.* at *3–4. Regarding a failure to train or supervise theory, Plaintiff's FAC continued to "rel[y] on documents and matters previously addressed and rejected by this Court." *Id.* at *4. Given that negligent hiring, retention, or supervision claims are subject to § 1983's deliberate indifference standard, Plaintiff's negligent hiring, retention, or supervision claim was dismissed as to the City. *Id.* at *7. Lastly, the FAC failed to identify what differing treatment Mr. Dorsey was subjected to and how it was carried out with discriminatory intent, leading this Court to dismiss the due process claim. *Id.* at *5.

Next, Plaintiff's common law tort claims were also found wanting. Plaintiff's intentional torts claims against the City were dismissed with prejudice, but those against Henry were dismissed without prejudice. *Id.* at *5–6. Finding that Plaintiff did not plead the elements of

negligent infliction of emotional distress as to Henry, but only as to Detective Defendants, this Court dismissed said claim. *Id.* at *6.

### C. Second Amended Complaint

On May 12, 2025, Plaintiff filed her Second Amended Complaint.[3] (D.E. 88.) In reviewing the substance of the Second Amended Complaint, this Court must note that the Second Amended Complaint is practically the same as the First Amended Complaint.[4] Additionally, Plaintiff filed an out-of-time Motion to Amend containing a proposed Third Amended Complaint, (D.E. 107), which was stricken for failure to comply with Rule 15(a)(2), (D.E. 110). *See* Fed. R. Civ. P. 15(a)(2) (stating that once a party has amended its pleading once as a matter of course, it may only amend "with the opposing party's written consent or the court's leave").

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The pleading should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v.*

---

[3] Notwithstanding that Plaintiff's Second Amended Complaint was filed out of time—with no explanation—this Court will review its merits.

[4] This Court also reviewed the redlined version of the Second Amended Complaint submitted by Plaintiff's counsel. (D.E. 88-8); *see* Local Rule 15.1(b) (requiring a party who files an amended pleading in accordance with the Court's order to indicate how the amended pleading "differs from the pleading that it amends").

*Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  The analysis involves a two-step approach.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  First, the Court parses between the factual and legal elements of a claim, treating "all of the complaint's well-pleaded facts as true," but disregarding any legal conclusions.  *Id.*; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Second, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

When a plaintiff pleads factual content that enables the Court to draw "the reasonable inference that the defendant is liable for the misconduct alleged," a claim has facial plausibility.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2).  *Id.*  The Court considers "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Belichick*, 605 F.3d at 230 (citation omitted).

### IV.  DISCUSSION

#### A.  Wrongful Death Act and Survivor's Act Claims

Plaintiff's Second Amended Complaint asserts claims for relief under both the Wrongful Death Act ("WDA"), N.J. Stat. Ann. §§ 2A:31-1 to -6, and the New Jersey Survivor's Act, N.J. Stat. Ann. § 2A:15-3 against all Defendants. (SAC at 42–44.) This Court addresses each in turn.

### 1. *Wrongful Death Act (Count XIV)*

The WDA permits a decedent's beneficiaries to recover damages for pecuniary loss sustained because of a decedent's death caused by a wrongful act, neglect, or default. *Farrow v. U.S. Specialty Ins. Co.*, No. 20-6588, 2021 WL 6424642, at *1 (citing N.J. Stat. Ann. § 2A:31-1). A plausible wrongful death claim "must be predicated upon an underlying violation or tortious conduct." *Casciano v. City of Paterson*, No. 19-9475, 2022 WL 170857, at *7 (D.N.J. Jan. 19, 2022). The beneficiaries "must have been 'dependent on the decedent for support at the time of his death.'" *Aronberg v. Tolbert*, 25 A.3d 1121, 1125 n.4 (N.J. 2011) (quoting *Newburg v. Arrigo*, 443 A.3d 1031, 1036 (N.J. 1982)); N.J. Stat. Ann. § 2A:31-4.

Plaintiff's WDA claim is deficient in two manners. First, the SAC is devoid of any indication as to whether B.D. was dependent on Mr. Dorsey for support at the time of Mr. Dorsey's death. *See Aronberg*, 25 A.3d at 1125 n.4; N.J. Stat. Ann. § 2A:31-4. Of the four times B.D. is mentioned in the forty-six-page SAC, he or she is only substantively mentioned once: when the SAC states Plaintiff is B.D.'s mother, natural guardian, and guardian *ad litem*. (SAC ¶ 6.) Second, as discussed below, because Plaintiff's remaining claims do not establish a basis for liability, it follows that the WDA claim also fails. *See Casciano*, 2022 WL 170857 at *7 (dismissing a plaintiff's WDA claim where the complaint failed to sufficiently plead the underlying negligence claim that was the basis of the plaintiff's WDA claim); *Est. of Moore v. Cumberland Cnty.*, No. 17-2839, 2018 WL 1203470, at *5 (D.N.J. Mar. 8, 2018) (rejecting a plaintiff's WDA claims

8

because they were wholly conclusory and lacked factual basis just like the plaintiff's constitutional claims). Count XIV is dismissed as to Defendants the City and Henry.

   2. *Survivor's Act Claim (Count XV)*

The Survivor's Act permits an appointed representative of a decedent's estate to assert "any personal cause of action that decedent could have brought had he lived." *Aronberg*, 25 A.3d at 1124; N.J.S.A. 2A:15-3(a)(1). Based on this Court's conclusion as to Plaintiff's remaining claims, *see infra*, the Survivor's Act claim fails. Count XV is dismissed solely as to Defendants the City and Henry.

   **B. Plaintiff's Remaining Claims**

Given the similarity between Plaintiff's First Amended Complaint and her Second Amended Complaint, this Court concludes Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted for the reasons discussed in its *Wagner II* opinion. The *Wagner II* decision also put Plaintiff on notice as to the fact that she would only be afforded one additional—and final—opportunity to amend her complaint. Plaintiff did not avail herself of said opportunity—evidenced in her attempt to file a Third Amended Complaint—and accordingly, the remainder of her claims against the City and Defendant Henry are dismissed.

   **V.   CONCLUSION**

For the reasons stated above, Defendants' Motions are **GRANTED.**

                                             /s/ Susan D. Wigenton
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:   Parties
      Michael A. Hammer, U.S.M.J.